### B. F. WOOD v. D. C. LIMBAUGH ET AL.

Decided December 14, 1907.

**1.—Pleading.**

Pleading should not contain matters of evidence. Rule applied.

**2.—Charge—No Issue—Harmless Error.**

Where it appears from the verdict of a jury that they were not misled by a charge submitting an issue not raised by the evidence, the error in submitting the issue will not be cause for reversal. In a suit upon a promissory note the defendant plead payment and satisfaction by reason of certain pay-

ments made to the payee; the plaintiff replied that the maker was indebted to him in other amounts than that evidenced by the note and that the payments made by the maker had been applied to such other indebtedness; there was no evidence of any other indebtedness, but the court submitted this issue to the jury. Held, that the verdict when read in the light of the evidence showed that the jury had not been misled.

Appeal from the District Court of Parker County.   Tried below before Hon. J. W. Patterson.

*T. F. Temple* and *Preston Martin,* for appellant.—A charge with reference to matters about which there is no evidence is cause for reversal. Hampton v. Dean, 4 Texas, 460; 9 Texas, 429; 9 Texas, 537; 37 S. W. Rep., 360; 91 Texas, 574.

*McCall & McCall,* for appellees.

STEPHENS, Associate Justice.—The appellees declared on a written instrument in the form of a promissory note, dated October 13, 1903, and signed by appellant, by the terms of which sixty days after he promised "to pay to the order of Isom Cranfill estate five hundred and eighty and 68-100 dollars at Weatherford, Texas, with interest thereon from date at the rate of 9 percent per annum and 9 percent as attorney's fees if collected by suit or attorney." In the body of the instrument is this recital: "This note is given by me in lieu of a certain promissory (land) note on the sum of $721.90 given by me to Isom Cranfill on the 12th day of Mch., 1899, and made due on Oct. 15, 1899, and further it is given in payment of a certain lot or parcel of land situated in Parker County and being southeast ¼ of section 306, certificate No. 2-539, T. & P. Ry. Company, containing 160 acres, deeded by Isom Cranfill to B. F. Wood. And it is hereby agreed and understood that the payee herein shall be and is hereby subrogated to all the rights, both legal and equitable of the holders of said note." The instrument bears the following indorsement: "We hereby transfer our interest in this note to D. C. Limbaugh. (Signed) V. L. Grabel, Jane Grabel, J. B. Cranfill, Mrs. S. T. Cranfill." The recitals above quoted from the body of the instrument are alleged as facts in the petition and the further allegation is made that after the execution of the original note and before the execution of the renewal the said Isom Cranfill died intestate, leaving a widow, S. T. Cranfill, a son, J. B. Cranfill, and two daughters, Mrs. Mary Limbaugh, wife of D. C. Limbaugh, and Mrs. Jane Grabel, wife of V. L. Grabel, and that there had never been any administration on his estate nor any necessity therefor; that the wife of D. C. Limbaugh was one of the heirs and that the other heirs had transferred their interest in the alleged note to D. C. Limbaugh.

The answer pleaded a payment and satisfaction of the original note prior to the execution of the instrument declared on, alleging, in addition to the following credits indorsed thereon, "Dec. 7-99, paid $44; Dec. 30-99, paid $253.51; November 23, 1900, paid $36; Nov. 18, 1901, paid check, $36," that appellant was entitled to a

credit of four hundred dollars, the amount of two promissory notes
dated December 30, 1899, one for one hundred dollars due one year
after date, and another for three hundred dollars due two years
from date, both drawing interest at the rate of ten percent per
annum, executed by W. C. Waters to appellant and by him de-
livered to Isom Cranfill with the understanding that when they
were paid appellant was to have a credit in the sum of four hun-
dred dollars as of date December 30, 1899, on the note for $721.90.
It is further alleged that these notes had both been paid either in
the lifetime of Isom Cranfill or since his death, but by mistake or
oversight credit had not been entered on the note; that when ap-
pellant signed the instrument declared on he claimed that he was
entitled to this credit and that therefore the note had been paid,
and only signed it at the urgent instance of D. C. Limbaugh and
J. B. Cranfill to prevent the statute of limitation from running
against the original note, on the promise on . their part that they
would investigate the matter and allow him the credit as of. date
December 30, 1899, if he was entitled to it, which had not been
done.   On this ground a failure of consideration was pleaded.

In a supplemental petition it is alleged that on December 30,
1899, appellant owed Isom Cranfill other money besides the amount
of the note for $721.90, and that on that date said Cranfill, after
deducting from the amount of the Waters notes what was due him
outside of the note for $721.90, entered a credit thereon for the
balance of $253.51, and in this way denied that appellant was entitled
to any further credit.

The issues were submitted to a jury and judgment was entered
in favor of the appellees on the following verdict: "We, the jury,
find for the plaintiff in the sum of $205.90 principal, $55.59 interest,
and $18.53 atty. fees, total $280.02." There was a further finding
that same was secured by a vendor's lien on the land described in
the petition, on which the judgment of foreclosure was entered.

The first assignment presented in the brief seems subject to the
objection urged to it that it complains both of a ruling of the court
on the pleadings, and a finding of the jury on the facts, but dis-
carding this objection and treating the complaints separately, we find
no merit in either of them. The first is that "The court erred in
not requiring plaintiffs to state in their first supplemental petition
what other moneys than the original vendor's lien note defendant
was at the time owing the plaintiffs." It is a sufficient answer to
this assignment that the plaintiffs were not required to plead the
matters set up in their first supplemental petition at all, since
they were merely matters of evidence.

The second is that "no evidence being adduced to show any other
indebtedness than the land note sued upon, defendant should have
been allowed all the credits and payments shown, and the $400
additional as contended for by defendant, and the four hundred
dollars could not be allowed for any other purpose, and for the
jury to find and apply any portion of the $400 payment to other

debts due by defendant was contrary to both the law and the evidence adduced upon the trial." The amounts specified in the verdict of the jury indicate that appellant was allowed the credit claimed of four hundred dollars, but that the credit of $253.51 indorsed on the note was only a part of the larger credit, and while the evidence had a diverse tendency on this point, we think the jury were warranted in so treating it. True, appellant testified that the $253.51 represented a cash payment made the day before he turned over the Waters notes to be credited on the original note, but there were circumstances tending to discredit his testimony on this point. Treated as rejecting his interpretation of this credit, the verdict must have allowed the four hundred dollar credit without applying any part of it to any other debt or debts, as will be seen by a simple calculation. That is to say, the sum of $205.90 named in the verdict as principal is the difference between $721.90 and the aggregate of the credits indorsed on the original note for that sum, plus the difference between $253.51 and four hundred dollars; from which it is to be inferred that the jury not only allowed all of the credits indorsed on the original note, but also increased the credit of $253.51 to $400, thus adopting the version of the appellees, which finds support in the testimony, that the credit of $253.51 was probably a part of the four hundred dollar credit claimed, but rejecting their further contention that the rest of the four hundred dollars had been properly applied to some other indebtedness. The evidence did not warrant any such application, and the jury must have adopted the view, as the court in effect charged, that appellant, and not Cranfill, had a right to direct the application of this credit. The first assignment is therefore overruled, and also, for substantially the same reasons, the fourth and fifth.

The remaining assignments, the second and third, we have found it more difficult to dispose of. These assignments complain of the following charge for submitting an issue not raised by the evidence: "If the defendant was at the time the Waters' notes were delivered to Isom Cranfill indebted to the said Cranfill in any sum except the $721.90 note, and if the Waters' notes were to be applied to such other indebtedness, and if the amount of such Waters' notes or any part of same were applied to such other indebtedness, then for so much of said $400 (if any) as was applied to such indebtedness other than the $721.90 note, the defendant would not be entitled to credit on said $721.90 note." It is insisted under these assignments that there was no evidence of any other indebtedness between Isom Cranfill and appellant after the execution of the note for $721.90, and it is difficult to controvert this proposition. True, as stated by the appellees, George W. Taylor, who had been a collecting agent for Isom Cranfill, testified that at one time appellant owed Cranfill two notes, one for borrowed money and the other for land, but he also testified that Cranfill had told him that both sums had been merged in one note against appellant's land, and no other note seems to have been found among the papers left by Cranfill at his death. Possibly, also, it may be said that the testimony of D. C.

Limbaugh, wherein he reproduced a conversation between him and appellant in a controversy over the credit for $253.51, tended to show an implied admission on the part of appellant that possibly he might have been indebted to Cranfill outside of the note for $721.90 when the credit for $253.51 was entered thereon. Certain it is that there was neither pleading nor proof that "the Waters' notes were to be applied to such other indebtedness," as submitted in the charge. But no notice is taken of this feature of the record in the propositions under these assignments. It seems also true that the charge might be subject to the objection that it gave undue prominence to the circumstance of other indebtedness by thus singling it out, even if there had clearly been evidence tending to prove such indebtedness, which at best was but a circumstance bearing on the issue of credits claimed on the one hand and denied on the other, and did not itself constitute a substantive issue in the case, even though it was pleaded; but no such objection is made to the charge.

If, then, the charge be treated as submitting an issue not raised by the evidence—and we are inclined to so treat it—we have yet to determine whether it should require the judgment to be reversed, and have finally concluded, though not without considerable hesitation, that it should not, since the verdict excludes the suggestion that the jury might have been misled by it into denying appellant credit for the full amount of the Waters' notes. The existence of other indebtedness was submitted only as a ground for finding that appellant would not be entitled to a credit for so much of the Waters' notes as might have been applied by Cranfill to such other indebtedness, and inasmuch as the jury, as already seen, have allowed appellant credit for the full amount of the Waters' notes, notwithstanding the supposed application by Cranfill of a part thereof to other indebtedness, we are inclined to the opinion that the misleading tendency of the charge was cured by the verdict—that is, that we are probably warranted by the verdict in holding that the charge did not mislead the jury, even though it should be held that it submitted an issue not raised by the evidence. The judgment is therefore affirmed.

*Affirmed.*